UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PAMELA CARVEL,

        Plaintiff,

  v.                1:07-cv-1034
                     (LEK/RFT)
ANDREW M. CUOMO, Attorney General of
the State of New York, on behalf of the People
of the State of New York and the Ultimate Charitable
Beneficiaries of the Thomas and Agnes
Carvel Foundation.

        Defendant.

---

## DECISION and ORDER[1]

  The instant action is one of numerous cases in the State of New York, the federal courts, the State of Florida, and in the United Kingdom, arising out of the distribution of the assets of Thomas and Agnes Carvel. See e.g. In re Carvel, 49 A.D.3d 877, 853 N.Y.S.2d 902 (2d Dep't 2008); In re Carvel, 23 A.D.3d 462, 808 N.Y.S.2d 100 (2d Dep't 2005); In re Carvel, 3 N.Y.3d 604, 784 N.Y.S.2d 6 (2d Dep't 2005); In re Thomas and Agnes Carvel Foundation, 2 A.D.3d 870, 769 N.Y.S.2d 391 (2d Dep't 2003); In re Thomas and Agnes Carvel Foundation, 2 A.D.3d 869, 769 N.Y.S.2d 392 (2d Dep't 2003); In re Carvel, 2 A.D.3d 847, 769 N.Y.S.2d 402 (2d Dep't 2003); In re Carvel, 2 A.D.3d 846, 769 N.Y.S.2d 403 (2 Dep't 2003); In re Carvel, 303 A.D.2d 405, 755 N.Y.S.2d 851 (2 Dep't 2003); Carvel v. Godley, 939 So.2d 204 (Fla. App. 4th Dist. 2006); Carvel v. Carvel Foundation Inc., 230 Fed.Appx. 103 (2d Cir. 2007); Carvel v. Thomas and Agnes Carvel Foundation, 188 F.3d 83 (2d Cir 1999).[2] In

---

  [1] For printed publication by the Federal Reporters.

  [2] In two prior actions, one before the Florida State Courts and one in the United States
(continued…)

the instant litigation, Plaintiff asserts claims against Defendant Andrew Cuomo, Attorney General of the State of New York, arising out of his claimed failures with respect to the oversight of the Thomas and Agnes Carvel Foundation ("Foundation") and his failure to prosecute civil and criminal matters against various individuals involved with the Foundation. Presently before the Court are Defendant's Motion to dismiss pursuant to Fed. R. Civ. P. 12 and Plaintiff's cross-Motion for leave to file an amended complaint. Motion (Dkt. No. 6); Cross-Motion (Dkt. No. 11).

I.        FACTS

Plaintiff is the "sole legitimate Member . . . and sole successor Member to Thomas Carvel and Agnes Carvel, who were sole Members, founders and benefactors of the 'Thomas and Agnes Carvel Foundation'. . . ." Compl. at ¶ 1 (Dkt. No. 1).

Plaintiff commenced the instant action seeking to require Defendant to seek judicial dissolution of the Foundation, to restrain all persons from exercising authority in the name of the foundation, to place the foundation's assets with a court appointed receiver, and to further require Defendant to prosecute certain persons. Id. at ¶¶ 2,3. Plaintiff asserts various violations of the United

---

(...continued)
District Court for the Eastern District of New York, Plaintiff was noted to be attempting to commit a fraud upon a court. See Def.'s Ex. E at 4-5. She also was found to be acting in apparent violation of a New York Surrogate's Court Order prohibiting her from taking any action in another court pertaining to or affecting the assets and property of the Estate of Agnes Carvel, including all assets and property of said Estate that are located in the State of New York. Id. at 5-6.

In this action, Plaintiff makes claims that have been judicially determined to be false. For example, at paragraph 36 of the proposed Amended Complaint, Plaintiff writes that "[i]t was Agnes Carvel's inalienable right to change her Will. . . ." New York State courts, however, have held that she did not have that right. In re Thomas and Agnes Carvel Foundation, 8 Misc.3d 1025(A) (N.Y. Surr. 2002).

States criminal code (Title 18), including RICO, violations of her constitutional rights, and certain state law claims.

The substance of the prolix Complaint is that the Attorney General has essentially permitted various persons to steal control of the Foundation and operate the Foundation in contravention of its intended purposes and in an illegal manner. Plaintiff seeks an order from this court appointing a "Federal Monitor" to oversee the Attorney General's Charities Bureau in all "Carvel" cases; placing the assets of the Foundation into the hands of a court-appointed receiver; restraining the Foundation managers from taking any action alleged to be in the name of any Carvel Charity or Carvel business entity; revoking the Foundation's tax-exempt status; dissolving the Foundation; rescinding all transfers and conveyances by non-Carvels of Carvel-origin assets; awarding damages to the Carvels; and distributing the assets of the Foundation.

Presently before the Court are: (1) Defendant's motion pursuant to Fed. R. Civ. P. 12 seeking dismissal of the Complaint on the grounds that the court lacks subject matter jurisdiction and the Complaint fails to state a claim upon which relief can be granted; and (2) Plaintiff's cross-motion to file an Amended Complaint.

## II.    STANDARD OF REVIEW

As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal quotations, alterations and citations omitted).

"Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. at 1965 n.3. "'[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'" Id. at 1967 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, 74 L.Ed.2d 723 (1983)).

As the Second Circuit has elaborated, "the [Supreme] Court's explanation for its holding [in Bell Atlantic] indicated that it intended to make some alteration in the regime of pure notice pleading that had prevailed in the federal courts ever since Conley v. Gibson, 355 U.S. 41, (1957). . . . [T]he [Supreme] Court expressly disavowed the oft-quoted statement in Conley of 'the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Iqbal v. Hasty, 490 F.3d 143, 155 (2d Cir. 2007). Thus, to survive a Rule 12 motion, Plaintiffs must pass the "'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." Id. at 157-58.

With this standard in mind, the Court will now address the pending motions.

### III. DISCUSSION

#### a. Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction. Although the Complaint is directed at the Attorney General of the State of New York, Plaintiff is, in actuality, seeking to effect the disposition of

property (assets in the possession of the Foundation) that is in the custody of a state probate court. See Carvel v. Carvel Foundation, Inc., 230 Fed. Appx. 103 (2d Cir. 2007) (finding that Plaintiff Pamela Carvel's effort to confirm a foreign country money judgment against the Estate of Agnes Carvel "would interfere with a complex pending proceeding in New York Surrogate's Court concerning the assets and property of the Estate" and, therefore, "the probate exception [to federal jurisdiction] bars her from maintaining this action in federal court."). As is evident from Plaintiff's claims of relief, she seeks to dissolve the Foundation, have its assets held by a receiver, obtain an accounting, rescind all transactions by the Foundation, etc. It, thus, appears that this action is an attempt to dispose of property that is the subject of an ongoing probate proceeding. See In re Carvel, 2 A.D.3d 847 (2d Dep't 2003) (noting that the wills of Thomas and Agnes Carvel "created a testamentary trust for the benefit of the surviving spouse, the income of which was to be paid to the surviving spouse and the remainder to the Thomas and Agnes Carvel Foundation . . . the sole residuary beneficiary."). Accordingly, the Court lacks subject matter jurisdiction over this proceeding.

Even assuming, *arguendo*, that the Court does have subject matter jurisdiction, for the following reasons, the Complaint must be dismissed.[3]

      b.      **Eleventh Amendment Immunity**

To the extent Plaintiff seeks civil damages against Defendant in his official capacity, such claims are barred by the Eleventh Amendment. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100, 104 S. Ct. 900, 79 L. Ed.2d 67 (1984); see also Seminole Tribe of Florida v. Florida,

---

[3] Plaintiff's proposed Amended Complaint is submitted to "set[] out occurrences that happened after the date of the Complaint . . . [which] also give rise to Plaintiff's request for additional relief." Motion to file Amended Complaint at ¶ 1 (Dkt. No. 11). Because the Court finds, as discussed below, that it lacks subject matter jurisdiction, that the Defendant is immune, and that Plaintiff's claims lack merit, the motion to amend the Complaint is futile.

517 U.S. 44, 72-73, 116 S. Ct. 1114, 134 L. Ed.2d 252 (1996); McAllan v. Malatzky, 173 F.3d 845, 1999 WL 146300, at *1 (2d Cir. Mar. 15, 1999); Duffy v. Spitzer, 2007 WL 2874823, at *2 (E.D.N.Y. 2007) (claims against the Attorney General in his official capacity are barred by the Eleventh Amendment).

### c.     **Constitutional Claims**

Assuming, *arguendo*, that the Eleventh Amendment does not bar Plaintiff's claims, they, nevertheless fail to state a claim upon which relief can be granted. To the extent Plaintiff is asserting claims against Defendant pursuant to 42 U.S.C. § 1983, those claims must be dismissed because: (1) there are no plausible allegations of a constitutional violation; and (2) there are no allegations that Defendant was personally involved in any deprivation of Plaintiff's constitutional or federal statutory rights.

Upon reading Plaintiff's Complaint, it is evident that she is displeased with the manner in which the Foundation and its assets are being managed.[4] Plaintiff alleges that the New York State Attorney General, through its Charities Bureau, has not done enough to protect the Foundation and has failed to prosecute the Foundation's managers. Plaintiff complains of Defendant's failure to seek a dissolution of the Foundation and other failures with respect to the Foundation. The proposed Amended Complaint, however, fails to articulate a plausible nexus between any of Defendant's actions, or inactions, and a deprivation of Plaintiff's federal constitutional or statutory rights. Plaintiff does not articulate any deprivation of her federal constitutional or statutory rights sufficient to state a claim

---

[4] Plaintiff, the estates of Thomas and Agnes Carvel, and the Foundation are involved in extensive litigation in the New York State courts. See e.g. In re Thomas and Agnes Carvel Foundation, 8 Misc.3d 1025 (N.Y. Surr. 2002); see also Carvel v. Thomas and Agnes Carvel Foundation, 188 F.3d 83 (2d Cir. 1999).

under 42 U.S.C. § 1983. To the contrary, Plaintiff generally complains of harm to the Foundation or "to the Carvels" in general. <u>See</u> <u>e.g.</u> Proposed Amended Complaint ("P.A.C.") at ¶¶ 114-115 (Dkt. No. 11, Attach. 1). Plaintiff, however, does not have standing to assert claims on behalf of others. Accordingly, Plaintiff has not stated a claim under 42 U.S.C. 1983.

To the extent Plaintiff believes that she has the right to compel the Attorney General to take certain actions against the Foundation, the powers she attributes to Defendant, such as seeking dissolution of the Foundation, are of a discretionary nature. <u>See</u> <u>e.g.</u> N.Y. N-P.C.L. § 1101 ("The attorney general may bring an action for the dissolution of a corporation. . . ."). Plaintiff points to no statute that obligates the Attorney General to take the actions Plaintiff desires. Accordingly, Plaintiff has no such right. In any event, the denial of any such discretionary right would not give rise to a claim under 42 U.S.C. § 1983. Further, 28 U.S.C. § 1361 goes not give this Court jurisdiction to compel action by state officials. <u>See</u> <u>Davis v. Lansing</u>, 851 F.2d 72, 74 (2d Cir. 1988). To the extent Plaintiff is dissatisfied with the actions the Office of the Attorney General has taken, they are not the proper subject matter of litigation in this Court.

Plaintiff also alleges that Assistant Attorney General Laura Werner has "entered into collusive agreements with the lawyers representing the foundation identity thieves." P.A.C. at ¶ 114 (Dkt. No. 11). Assuming this to be true, Plaintiff fails to articulate how such conduct deprived her of her federal constitutional or statutory rights.

The proposed Amended Complaint further contends that Assistant Attorney General Deborah McCarthy has thwarted Plaintiff's "prosecution of known crimes by the foundation identity thieves," and obstructed "funds to Pamela Carvel." P.A.C. at ¶¶ 117-18. The allegations in the proposed Amended Complaint are insufficient to set forth a violation of any federal constitutional or

statutory right. Even assuming these allegations sufficient to state a claim for damages under 42 U.S.C. § 1983, Plaintiff's claim against Defendant must fail because she does not allege personal involvement by him or facts that would support a claim of personal involvement. Warheit v. City of New York, — F.3d —, —, 2008 WL 904777, at *2 (2d Cir. 2008); McAllan, 1999 WL 146300, at *1 (affirming the dismissal of claims against the Attorney General for failure to make a showing of personal involvement); Duffy v. Spitzer, 2007 WL 2874823, at *3 (E.D.N.Y. 2007).

        d.        **Count One - RICO**

Plaintiff also asserts a RICO claim. None of the RICO allegations in the proposed Amended Complaint are directed at Defendant. Rather, the RICO claims are asserted against the persons alleged to have stolen the identity of the Foundation. Plaintiff fails to articulate any injury to her business or property, any action by Defendant that violated 18 U.S.C. § 1962, or any claimed injury that was caused by Defendant's violation of 18 U.S.C. § 1962. See Spool v. World Child Intern. Adoption Agency, 520 F.3d 178, 183 (2d Cir. 2008) ("To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962.") (internal quotations omitted). Rather, Plaintiff claims a generalized conspiracy by certain individuals to "deprive the Carvels of money and property," apparently referring to the monies acquired by her Aunt and Uncle, Tom and Agnes Carvel. The allegations in the proposed Amended Complaint are insufficient to state a claim under RICO. Moreover, Plaintiff has failed to file a Civil RICO Statement as is required to state such a claim. See N.D.N.Y.L.R. 9.2.

Accordingly, the RICO claim must be dismissed**.**

        e.        **All Remaining Claims**

Plaintiff asserts numerous claims under Title 18 of the United States Code. None of the sections referenced by Plaintiff afford her a private cause of action. All remaining claims must be dismissed because Plaintiff has failed to articulate any harm to her caused by Defendant's actions. Plaintiff generally alleges a conspiracy "to deny the Carvels their guaranteed rights. . . ." P.A.C. at ¶ 148. As more specifically set forth in the proposed Amended Complaint, Plaintiff alleged a "conspiracy . . . to harm and cause the death of Thomas and Agnes Carvel . . . to deprive Agnes Carvel and her successors in interest of all benefit of taxable income, and to deny legitimate claims, by any successful assertion of rights, through obstruction all financial resources required by the Carvels in the U.S. and U.K. legal system to maintain any action." P.A.C. at ¶ 150. These claims must be dismissed for failure to articulate any harm caused to Plaintiff as a result of Defendant's action or inaction.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 6) is **GRANTED**; and it is further

**ORDERED**, that the Complaint is **DISMISSED** in its entirety; and it is further

**ORDERED**, that Plaintiff's cross-Motion to file an Amended Complaint is **DENIED** as futile; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED: June 26, 2008
          Albany, New York

Lawrence E. Kahn
U.S. District Judge